UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KARL L. MITTLEFEHLDT,

                    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY and TRAVCO
INSURANCE COMPANY,

                    Defendants.

REPORT AND RECOMMENDATION

1:21-CV-00497-LJV-MJR

---

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. § 636(b)(1) for supervision of discovery and procedural matters and to hear and report upon dispositive motions. Presently before the Court is a motion to remand brought by plaintiff. (Dkt. No. 3). For the following reasons, it is recommended that plaintiff's motion to remand be denied.

## BACKGROUND

Karl L. Mittlefehldt ("Plaintiff" or "Mittlefehldt") originally brought this action in New York State Supreme Court, County of Erie. Plaintiff's complaint alleges breach of contract, as well as bad faith and unfair claim settlement practices, on the part of Travelers Property Casualty Insurance Company and Travco Insurance Company (collectively "Defendants" or "Travelers") for failing to pay his insurance claim.[1] (Compl., Dkt. No. 1-2). The dispute arises from a homeowners insurance policy covering a property at 48 Danbury Lane in

---

[1] Defendants submit that "Travelers Property Casualty Company" is the correct name for the first defendant.

Kenmore, New York.[2] (*Id.*, ¶¶ 5-6). Plaintiff alleges that a frozen pipe began leaking on February 1, 2019, causing extensive water damage to the house despite efforts to mitigate the losses. (*Id.*, ¶¶ 11-12). Plaintiff further alleges that defendants wrongfully denied coverage for the damage and have acted in bad faith in investigating, adjusting, and refusing to reasonably settle plaintiff's claims under the policy. (*Id.*, ¶¶ 19-42).

On April 15, 2021, defendants removed the case to federal court on the basis of diversity jurisdiction. (Dkt. No. 1). Defendants then brought a motion to dismiss plaintiff's second and third causes of action under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 2). That motion is pending before the Court at this time.[3] On May 11, 2021, plaintiff moved to remand the case back to State court. (Dkt. No. 3). Defendants filed a response in opposition to the motion to remand. (Dkt. No. 6). The Court heard oral argument on the motion on August 17, 2021 and considered the matter submitted for decision.

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United State have original jurisdiction, may be removed by [...] the defendants." 28 U.S.C. § 1441(a). District courts have original jurisdiction to hear "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States [...]." 28 U.S.C. § 1332(a). Defendants' Notice of Removal asserts that this Court has jurisdiction under Section 1332(a) because plaintiff and defendants are citizens of different states and the amount in controversy exceeds

---

[2] The complaint specifies that the original owner of the policy was plaintiff's father, Gerald R. Mittlefehldt (now deceased), and that plaintiff was named as an additional insured party. (*Id.*, ¶ 16).

[3] Following discussions with the parties on August 17, 2021, the Court has delayed briefing and argument on the motion to dismiss while the parties engage in limited discovery relative to initial coverage determinations.

$75.000. (Dkt. No. 1, ¶ 3). It is undisputed that plaintiff is a resident of Erie County and a citizen of New York, and that the amount in controversy exceeds $75,000. The point of issue relates to the citizenship of the defendant companies.

When a motion to remand is presented to the federal district court, "the party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). If the removing party cannot demonstrate federal jurisdiction by "competent proof," the removal was in error and the district court must remand the case to the court in which it was filed. *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005).

Plaintiff's motion to remand provides two arguments as to why removal was improper. First, he asserts that defendants have "extensive business contacts and conduct[] a significant amount of business in the State of New York which would subject them to jurisdiction in a New York State Court" under NY C.P.L.R. § 302. (Dkt. No. 3-1, ¶ 4). Second, he asserts that this is a "direct action" governed by 28 U.S.C. § 1332(c)(1), whereby defendants may be deemed citizens of every state where the insured party is a citizen. (Dkt. No. 3-1, ¶ 9). Defendants Travelers Property and Travco each allege that they are insurance companies organized under the laws of Connecticut with principal places of business in Hartford, Connecticut, and thus are citizens of Connecticut only. They further argue that the "direct action" provisions of § 1332(c)(1) are inapplicable.

Neither of plaintiff's arguments in support of remand are persuasive and the Court finds that defendants have demonstrated federal jurisdiction by competent proof.

First, plaintiff's reliance on the provisions of C.P.L.R. § 302 is misplaced. That statute governs *personal* jurisdiction over parties outside the state of New York and is not pertinent to the determination of subject matter jurisdiction in a federal court. In measuring diversity of citizenship for purposes of subject matter jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." *Rush Presbyterian St. Luke's Medical Center v. Safeco Ins. Co.*, 825 F.2d 1204, 1205 (7th Cir. 1987) (quoting 28 U.S.C. § 1332(c)). In this context, the term "principal place of business," often called the "nerve center," refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, normally the place where the corporation maintains its headquarters. *See Hertz v. Friend*, 559 U.S. 77, 92 (2010).[4]

Here, plaintiff alleges in his complaint (*see* Compl., Dkt. No. 1-2, ¶¶ 2-3), and defendants have affirmed (*see* Mulcahy Declaration, Dkt. No. 6-1, ¶¶ 3-12), that Travelers Property and Travco are incorporated in Connecticut and have their principal places of business in Connecticut. Defendants submit that each company's corporate headquarters are in Hartford, Connecticut, where their highest-ranking officers are located and from which all major decision-making and control over the corporation emanates. Although defendants admit that they sell insurance policies in New York and have representatives in that State, among others, it is clear that the "nerve center" of each corporation is within Connecticut. Thus, defendants have demonstrated that they are citizens of Connecticut and no other state.

---

[4] Plaintiff relies on two state court cases, neither of which support his argument, and on a District Court case decided prior to the Supreme Court's decision in *Hertz* for the proposition that a corporation's principal place of business can be based on either the "nerve center" test or the "place of operations" or "locus of operations" test. *See Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 460 (S.D.N.Y. 2008).

4

As to plaintiff's second argument, 28 U.S.C. § 1332(c) provides:

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—**
> (A) every State and foreign state of which the insured is a citizen;
> (B) every State and foreign state by which the insurer has been incorporated; and
> (C) the State or foreign state where the insurer has its principal place of business; [...]. *(emphasis added)*

Plaintiff asserts that this case is a "direct action" and that, under provisions of Section 1332(c)(1)(A), defendants are deemed to be citizens of New York because plaintiff is the insured and is a citizen of the State. "Courts uniformly define the term 'direct action' [...] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgement against him." *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674 (2d Cir. 1992). Thus, it is well established that "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.* Simply because an insurer is a direct party does not make the litigation a "direct action." *Id.*

This case is not a "direct action" nor an action involving a liability policy. Plaintiff is insured by defendant and seeks to recover insurance proceeds allegedly due under the policy's first-party property coverage, not liability. Where, as here, an action seeks a declaration that the insurance company improperly disclaimed coverage, the action is not a direct action. *See Sidell v. Selective Ins. Co. of Am.*, 14-CV-0558, 2014 U.S. Dist. LEXIS 199337, at *7 (W.D.N.Y. Dec. 1, 2014), *adopted by* 2015 U.S. Dist. LEXIS 192109

5

(W.D.N.Y. July 10, 2015). Therefore, Section 1332(c)'s exceptions to corporate citizenship do not apply.

## CONCLUSION

For the foregoing reasons, defendants have established diversity of citizenship between themselves and plaintiff and it is recommended that plaintiff's motion to remand (Dkt No. 3) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and*

recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

Dated: August 24, 2021
       Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge