UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KARL L. MITTLEFEHLDT,

        Plaintiff,

    v.                                                                    21-CV-497 (JLS) (MJR)

TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY and
TRAVCO INSURANCE COMPANY, [1]

        Defendants.

_____

## DECISION AND ORDER

Plaintiff Karl L. Mittlefehldt filed a complaint in New York Supreme Court,

Erie County, alleging Defendants breached a homeowners insurance policy when

they failed to pay his insurance claim. On April 15, 2021, Defendants removed the

case based on diversity jurisdiction. Dkt. 1. Plaintiff filed a motion to remand, Dkt.

3, after which this case was referred to United States Magistrate Judge Michael J.

Roemer. Dkt. 7. As part of the referral order, Judge Roemer was to handle all pre-

trial proceedings, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and hear and report

upon dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). *Id.* The

case was reassigned to the undersigned from United States District Judge

Lawrence J. Vilardo on October 18, 2021. Dkt. 13.

_____

[1] The Court notes that Defendants have indicated that "Travelers Property
Casualty Company" is the correct name for the first Defendant.

Plaintiff presented two grounds for remand, both based on this Court's subject matter jurisdiction.  First, he argues Defendants have "extensive business contacts and conduct[] a significant amount of business in the State of New York which would subject them to jurisdiction in a New York State Court," under NY C.P.L.R. § 302. Dkt. 3-1, ¶ 4.  Second, Plaintiff argues that this is a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1), which deems Defendants citizens of every state where the insured party—Plaintiff—is a citizen.  Defendants maintain they are citizens of Connecticut only, and that the "direct action" provision of Section 1332(c)(1) is inapplicable.

Judge Roemer issued a Report and Recommendation ("R&R") that recommends denying Plaintiff's motion.  The R&R concludes that Plaintiff's reliance on C.P.L.R. § 302 is misplaced because it governs personal jurisdiction over parties outside of New York State, and has no bearing on this Court's subject matter jurisdiction.  It further concludes that this case is not a "direct action" because it seeks a declaration that the insurance company improperly disclaimed coverage. No objections were filed.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R.

2

Civ. P. 72(a).  An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Based on the Court's review and the absence of any objections, the Court accepts and adopts the R&R.

**CONCLUSION**

For the reasons stated above, and in the R&R, Plaintiff's motion for remand is DENIED.  The case remains referred to Judge Roemer.


**SO ORDERED.**


Dated:       October 26, 2021
             Buffalo, New York

                                   _____
                                   JOHN L. SINATRA, JR.
                                   UNITED STATES DISTRICT JUDGE

3