UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KARL L. MITTLEFEHLDT,

                              Plaintiff,                    DECISION and ORDER

v.                                                            1:21-CV-00497-JLS-MJR

TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY and TRAVCO
INSURANCE COMPANY,

                              Defendants.
_____

       This case has been referred to the undersigned by the Hon. John L. Sinatra, Jr. pursuant to 28 U.S.C. § 636(b)(1) for supervision of discovery and procedural matters and to hear and report upon dispositive motions. Presently before the Court is plaintiff Karl L. Mittlefehldt's motion for leave to disclose a rebuttal expert witness. (Dkt. No. 34). For the following reasons, plaintiff's motion is denied.

## BACKGROUND

       Karl L. Mittlefehldt ("Plaintiff" or "Mittlefehldt") originally brought this action in New York State Supreme Court, County of Erie. Plaintiff's complaint alleges breach of contract, as well as bad faith and unfair claim settlement practices, on the part of Travelers Property Casualty Insurance Company and Travco Insurance Company (collectively "Defendants" or "Travelers") for failing to pay his insurance claim. (Compl., Dkt. No. 1-2). The dispute arises from a homeowners insurance policy covering a property at 48 Danbury Lane in Kenmore, New York.[1] (*Id.*, ¶¶ 5-6). Plaintiff alleges that a frozen pipe began leaking on

---

[1] The complaint specifies that the original owner of the policy was plaintiff's father, Gerald R. Mittlefehldt (now deceased), and that plaintiff was named as an additional insured party. (*Id.*, ¶ 16).

February 1, 2019, causing extensive water damage to the house despite efforts to mitigate the losses. (*Id.*, ¶¶ 11-12). Plaintiff further alleges that defendants wrongfully denied coverage for the damage and have acted in bad faith in investigating, adjusting, and refusing to reasonably settle plaintiff's claims under the policy. (*Id.*, ¶¶ 19-42).

On April 15, 2021, defendants removed the case to federal court on the basis of diversity jurisdiction. (Dkt. No. 1). Defendants then brought a motion to dismiss plaintiff's second and third causes of action under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 2). On May 11, 2021, plaintiff moved to remand the case back to State court. (Dkt. No. 3). This Court issued a Report and Recommendation on the motion to remand which was subsequently adopted by the District Court in a Decision and Order denying plaintiff's motion. (Dkt. No. 14). The parties subsequently filed a stipulation of dismissal of plaintiff's second and third causes of action; resolving defendant's motion to dismiss. (Dkt. No. 16).

On January 11, 2022, defendant filed an answer to plaintiff's complaint. (Dkt. No. 20). The Court issued a Case Management Order pursuant to Fed. R. Civ. P. 16(b) on February 7, 2022. (Dkt. No. 21). That scheduling order was subsequently amended twice upon request of the parties.

On February 17, 2023, defendants timely filed a motion for summary judgment. (Dkt. No. 33).[2] Later the same day, plaintiff filed the instant motion for leave to disclose a rebuttal expert witness. (Dkt. No. 34). Defendants filed a response in opposition to motion to disclose, (Dkt. No. 36), to which plaintiff replied (Dkt. No. 37). The Court heard oral argument on plaintiff's motion on April 4, 2023. At that time, the Court rendered a decision

---

[2] Upon submission of the motion for leave to disclose rebuttal expert, the Court set a briefing schedule for defendant's motion for summary judgment.

denying plaintiff's motion and advised that a written decision and order would be issued explaining its reasoning.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(2)(D) requires a party to disclose the identity of a witness it intends to call as an expert and, in the case of a witness who is retained or specifically employed to provide expert testimony in the case, requires the party to provide that expert's written report "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The Rule further provides that if the expert testimony is "intended solely to contradict or rebut evidence on the same subject matter" of the other party's expert report, disclosure must be made within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(b)(2)(D)(ii).

Rule 16(b) of the Federal Rules of Civil Procedure allows judges to set scheduling orders limiting the time within which parties may amend the pleadings, complete discovery, and file motions. A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The Second Circuit states that a finding of "good cause" under Rule 16 depends on the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "In other words, to demonstrate 'good cause' a party must show that despite [his] diligence the time table [in the scheduling order] could not have reasonably been met." *Willett v. City of Buffalo*, 15-CV-330, 2016 U.S. Dist. LEXIS 150499, at *5 (W.D.N.Y. Oct. 31, 2016) (citation omitted).

Here, plaintiff seeks leave to disclose an unidentified expert witness whose testimony he states, "is necessary to the prosecution of his case and to rebut the proffered testimony of the Defendant's expert witness." (Dkt. No. 34-1, pg. 1). Defendants oppose

3

this request and dispute whether such a witness would be properly considered a "rebuttal" expert. Defendants request that the Court deny plaintiff's motion to reopen discovery and ask the Court to preclude plaintiff from presenting rebuttal expert testimony based on failure to comply with the Court's scheduling order.

Plaintiff has failed to comply with the clear provisions of the Court's Second Amended Case Management Order and now seeks the reopening of discovery without having shown "good cause" under Rule 16 of the Federal Rules of Civil Procedure and the standard set forth in *Parker v. Columbia Pictures Industries*, 204 F.3d at 340. The Case Management Order, which was issued based on plaintiff's specifications, required plaintiff to disclose his expert witnesses by December 16, 2022, and further required that all expert depositions would be completed by February 10, 2023.[3] Plaintiff failed to make any expert disclosure, initial or rebuttal, and did not move for leave to make a late disclosure until February 17, 2023, the same date as the deadline for filing dispositive motions.

Defendants did timely disclose and produce the reports of four expert witnesses. Two of those experts, Martha Mihaltses and Thomas Ancilleri, are employed by H2M Architects & Engineers and have provided opinions that frozen conditions and burst pipes

---

[3] When requesting amendment of the case management order plaintiff apparently did not contemplate and, indeed, did not request to the Court that he wanted an allotment of time for rebuttal reports. In September 2022, plaintiff filed a joint motion to amend the case management order to allow for completion of discovery following a change of counsel for defendants. (Dkt. No. 30). In that motion, plaintiff expressly sought the scheduling deadlines that were utilized by the Court in issuing its Second Amended Case Management Order. (Dkt. No. 32). That amended order did not include a deadline for rebuttal expert reports.

4

in the residence occurred due to failure to maintain heat in the premises. Defendants also filed a timely motion for summary judgment on February 17, 2023.

Plaintiff argues that only now has the need arisen for him to retain an expert witness to rebut the proffered testimony of defendants' expert witnesses. However, plaintiff has failed to show diligence in pursuing this avenue of discovery, despite his belief that it is necessary to prosecute his case. Plaintiff should have been aware that the issue of adequate heating in the residence would be central to this litigation as early as January 2022, when defendants served their answer. The answer included the affirmative defense that the damage was caused by vacancy of the dwelling and failure to maintain heat or shut off the water supply.[4] At the very least, upon receiving defendants' expert disclosures, on January 13, 2023, it should have been immediately apparent to plaintiff that a rebuttal expert was needed in light of the opinions about failure to maintain heat in the residence. Yet, plaintiff did not seek an extension of time to pursue such testimony. Instead, plaintiff allowed the expert discovery deadlines to lapse and waited until February 17, 2023, several hours after defendants had filed a summary judgment motion, to request leave of the Court to disclose a rebuttal expert.

Plaintiff argues that, under Fed. R. Civ. P. 26(a)(2)(D)(ii), he had 30 days to disclose a rebuttal expert from the date that defendants served their expert witness reports (January 13, 2023), thus making his February 17, 2023 request for extension of time only four days late. However, the Federal Rules also state that a default rule applies

---

[4] Plaintiff argued that he was unclear about defendants' position as to when the property was unheated and the exact date of loss. Plaintiff refers to defendant's disclaimer letter which stated that the loss occurred in April 2019, rather than February 2019. This argument is unavailing, as all parties now agree, consistent with plaintiff's own allegations, that the loss occurred on or about February 1, 2019.

5

only "absent a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(D). In this case, the Court's issuance of a case management order, which was tailored to the express requests of the parties, governs over the default provision. *See Rekor Sys. v. Loughlin*, 19-CV-7767, 2022 U.S. Dist. LEXIS 102829, at *21 (S.D.N.Y. June 8, 2022) ("Where a Court-approved schedule is in place, the default deadlines provided by the rule do not apply."). In *Rekor Systems*, the Court addressed very similar facts in which the scheduling order did not specify a deadline for rebuttal expert disclosure but did clearly set dates for completion of "all expert discovery" and depositions. *See id.*, at *18-20. The Court rejected defendants' argument that the deadlines for expert discovery should be disregarded in light of the Federal Rule allowing 30 days for rebuttal reports. *Id.* As in *Rekor Systems*, this Court finds that plaintiff's proposed disclosure of an expert witness is untimely under the scheduling order.

Further, plaintiff has not shown that the late disclosure of experts and necessary reopening of discovery would be harmless to defendants. *See Shemendera v. First Niagara Bank*, 288 F.R.D. 251, 252-53 (W.D.N.Y. Dec. 27, 2012) (explaining that the existence of prejudice to a party opposing modification of a scheduling order may be considered by the court and may supply an additional reason to deny a motion to modify a scheduling order). To the contrary, defendants have already prepared and filed a summary judgment motion in the absence of expert reports or testimony offered by plaintiff. Although defendants submit that their summary judgment motion is still ripe for adjudication on points unrelated to their expert opinions, it is clear that the late introduction of a rebuttal expert would prejudice defendants by creating delay and significant

additional work related to the deposition of said expert and the likely re-litigation of dispositive motions.

Accordingly, the Court does not find good cause to amend its prior order to allow the late disclosure of an expert witness.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to disclose a rebuttal expert witness (Dkt. No. 34) is denied.

**SO ORDERED.**

Dated:     April 17, 2023
           Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge